# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.R., et al., | CIV NO. 1:17-CV-2332 |
| Plaintiffs, | (Judge Jones) |
| v. | (Magistrate Judge Carlson) |
| **PENNSYLVANIA DEPT. OF HUMAN SERVICES, et al.,** | |
| Defendants. | |

## MEMORANDUM ORDER

### I. Factual Background

This class action lawsuit has been referred to us for resolution of a pending motion to quash a subpoena issued by the plaintiffs and served upon Columbia County Children and Youth Services. (Doc. 50). Briefly the pertinent background of this litigation is as follows: The plaintiffs have filed a class action lawsuit on behalf of youths with mental health disabilities who were adjudicated dependent and found eligible for Medical Assistance (Medicaid) services. The class plaintiffs are suing the Pennsylvania Department of Human Services and Secretary Miller (collectively, "DHS"), challenging DHS's alleged failure to assure that they and members of the Class have non-discriminatory access to medically necessary mental health services and child welfare services in integrated settings.

1

The district court entered an order on April 3, 2018, certifying this case to proceed as a class on behalf of: "All Pennsylvania children and youth under age 21 who, now or in the future, are adjudicated dependent and have diagnosed mental health disabilities."'" (Doc. 22). On May 7, 2018, the Court granted Plaintiffs' uncontested Motion for Approval of the Class Notice and Notice Distribution Plan. (Doc. 27). In accordance with this order, Class Counsel was required to distribute the Class Notice to, among others, individuals and organizations that represent children in the juvenile dependency system to the extent that contact information could be obtained and post the Class Notice on the DRP website. (Doc. 27). Class Counsel have certified that they have met the requirements of the Class Notice Distribution Plan. (Doc. 34).

The litigants have also taken additional steps to ensure that privacy interests are protected in the course of discovery. Specifically, on August 10, 2018, the district court granted Plaintiffs' Unopposed Motion for a Protective Order and approved a Confidentiality Stipulation and Order. (Doc. 40). That protective order governed the handling of all confidential information produced through formal or informal discovery by the parties and any individuals or entities pursuant to subpoenas issued in this action and provided protections for "personally identifying information." This information includes the names of Plaintiffs and Class members, their family members, guardians, foster parents, and persons who are entitled to confidentiality

under the Juvenile Act, 42 Pa. Cons. Stat. § 6301 *et seq.*, and the Child Protective Services Law, 23 Pa. Cons. Stat. § 6640 *et seq.*, including, without limitation, referral sources and any other information that could reasonably lead to the identification of those individuals like Social Security numbers, Medical Assistance numbers, addresses, telephone numbers, email addresses, social media contacts and other similar information. (Id.)

It is against the backdrop of these efforts to reconcile litigants' discovery needs with legitimate privacy concerns that the instant dispute arises. On October 18, 2019, the plaintiffs served a subpoena on Columbia County Children and Youth Service (CCCYS), seeking documents that are related to a class member, A.S., who was then in the custody of CCCYS. This subpoena sought a broad array of information pertaining to A.S.[1] After discussion between plaintiffs' counsel and

---

[1] Specifically, the subpoena requested: 1. All documents and communications concerning the following youth who is a class member in this litigation: a. A.S. The documents and communications to be produced include, but are not limited to, those concerning: i. Court records, including but not limited to, dependency and delinquency docket sheets, court petitions and other filings, and judicial recommendations and orders; ii. Allegations, investigations and determinations relating to abuse, neglect, or other reasons for referrals to CCCYS; iii. All placements (e.g., foster care, kinship care, group homes, Residential Treatment Facilities, shelters, youth detention or development centers), including referrals to and/or rejections from placements, admissions summaries, treatment plans developed during placements and discharge summaries or plans; iv. All services and supports recommended and/or provided to the youth and/or his/her biological, kinship or foster families (including, but not limited to, in-home services and community-based services regardless of funding source and SWAN or other similar services) and any denials or termination of services; v. All psychiatric,

counsel for CCCYS broke down, CCCYS filed the instant motion to quash this subpoena, which raised concerns regarding the scope of the subpoena, as well as questions of third-party privacy under state law and the adequacy of notice to A.S. that her otherwise confidential records were being sought in connection with this litigation. (Doc. 50). This motion is fully briefed and is ripe for resolution. On February 18, 2020, this motion was referred to the undersigned for resolution. (Doc. 55).

Upon consideration of the parties' positions, for the reasons set forth below, we find that the plaintiffs have sufficiently established the relevance of the information sought from CCCYS and believe that the confidentiality measures put in place by the litigants may well address confidentiality concerns. However, acting out of an abundance of caution and in order to fully protect these confidentiality interests, we believe that it is essential that we confirm that A.S. has had specific

---

psychological, neuropsychological, educational or other evaluations; vi. All screens for mental or behavioral health issues, such as CANS, FAST, or ASQ; vii. All team, interagency, or permanency planning conferences or meetings; viii. All case plans, visit reports, supervisory logs, progress reports, notes, or similar documents created by CCCYS or providers; ix. Review of recommendations and/or decisions concerning placement in congregate care settings and consideration of less restrictive alternatives; x. Incident reports or similar reports relating to the class member's behavioral issues; xi. All communications with PA DHS (including but not limited to, referrals to the Complex Case Planning process), CCBH, and/or providers; and xii. The costs for all services, residential and non-residential provided to the youth.

notice of this subpoena and an opportunity to be heard, and will therefore prescribe that notice to be provided to A.S. prior to any subpoena compliance.

## II. Discussion

Several basic guiding principles inform our resolution of this discovery dispute. At the outset, "Rule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'" First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F.Supp.2d 362, 382 (E.D. Pa. 2013) (quoting OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. R.J. Reynolds Tobacco v. Philip Morris Inc, 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding how to enforce compliance with subpoenas, where "[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." Coleman-Hill v. Governor Mifflin School Dist, 271 F.R.D. 549, 552 (E.D. Pa. 2010)

5

(quoting Guinan v. A.I. duPont Hosp. for Children, No. 08–228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008); Marroquin–Manriquez v. INS, 699 F.2d 129, 134 (3d Cir. 1983)) (internal quotations omitted).

This broad discretion, however, is guided by certain general principles. At the outset, when considering a motion to quash or modify a subpoena, we are enjoined to keep in mind that the reach of a subpoena is defined by the proper scope of discovery in civil litigation. As one court aptly observed:

> Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv), 28 U.S.C. (1994); see Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter., 160 F.R.D. 70, 72 (E.D. Pa. 1995) (Joyner, J.) (stating same). Accordingly, a court may quash or modify a subpoena if it finds that the movant has met the heavy burden of establishing that compliance with the subpoena would be "unreasonable and oppressive." Id. (citing Heat & Control, Inc. v. Hester Indus., 785 F.2d 1017, 1023 (Fed. Cir. 1986)). [However, when assessing a motion to quash we must also consider the fact that] Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Wright v. Montgomery County, No. 96-4597, 1998 WL 848107, *2 (E.D. Pa. Dec. 4, 1998). Thus, in ruling upon objections to a subpoena, "this court is required to apply the balancing standards-relevance, need, confidentiality and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm

6

caused by production outweighs the benefit." Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002). The court's evaluation of a motion to quash a Rule 45 subpoena is also governed by shifting burdens of proof and persuasion. Accordingly, "the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45." L.W. v. Lackawanna Cty., Pa., No. 3:14CV1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234 (E.D. Pa. 2014)).

When we are considering children and youth service records, additional considerations must be taken into account. Such records are, by statute, cloaked in some measure of confidentiality. State law then provides a number of exceptions to these confidentiality requirements, including a provision of state law which states that: "Upon a written request, a subject of a report may receive a copy of all information, except that prohibited from being disclosed by subsection (c), contained in the Statewide database or in any report filed pursuant to section 6313 (relating to reporting procedure)." 23 Pa. Cons. Stat. § 6340(b). Federal and state courts recognize the important privacy interests fostered and protected by state law, and have therefore analyzed subpoena requests by considering whether the parties have fully complied with state children and youth confidentiality laws. L.W., 2015 WL

1499865, at *1 (discussing <u>V.B.T. v. Family Servs. of W. Pennsylvania</u>, 705 A.2d 1325, 1327 (Pa. Super. Ct. 1998), <u>aff'd sub nom.</u> <u>V.B.T. v. Family Servs. of W. Pennsylvania</u>, 728 A.2d 953 (1999) and <u>S.M. by R.M. v. Children & Youth Servs. of Delaware Cty.</u>, 686 A.2d 872, 877 (Pa. Commw. Ct. 1996)). As part of this state law compliance assessment, we believe that it is important that the record reflect that the child whose privacy interests are at stake has adequate notice of the subpoena and concurs in the issuance of the subpoena on the child's behalf. <u>See</u> <u>L.W.</u>, 2015 WL 1499865, at *1 (discussing the need for ensuring that a proper party is acting on behalf of the interests of a minor child in children and youth care).

Guided by these legal benchmarks, at the outset we find that plaintiffs' counsel have adequately explained the potential relevance of the subpoenaed information to the claims that lie at the heart of this class action lawsuit concerning CYS program compliance with federal laws providing access to medically necessary mental health services and child welfare services in integrated settings. Therefore, the threshold showing of relevance is met here by the plaintiffs.

As we understand it, CCCYS's principal concern in terms of the oppressiveness of the subpoena relates to the fact that it calls for information which is deemed confidential under state law.[2] These are significant and legitimate

---

[2] We understand that CCCYS also takes umbrage with that provision of the subpoena which states: "The documents and communications to be produced include, *but are not limited to*, [the eleven categories listed in the subpoena]." We understand that

concerns, but in our estimation, these concerns are largely addressed through two means. First, the stipulated protective order entered by the district court ensures that any information produced would be treated in a confidential and discrete manner. Second, we believe that these concerns are also addressed if the record reflects that, consistent with the requirements of state law, 23 Pa. Cons. Stat. § 6340(b), the subpoena is issued with the knowledge, concurrence, and consent of the minor who is the subject of the subpoena.

Therefore, in order to ensure that compliance with this additional requirement of state law is reflected on the record of this case, we will direct the parties to jointly arrange for A.S. to receive notice of the subpoena and for A.S. to be afforded an opportunity to be heard in the event of any objections on A.S.'s part to the disclosure of this information. The parties should then file an appropriate notice confirming that A.S. has received notice of the subpoena. If A.S. has no objections to the release of information pursuant to the subpoena, the parties should certify on the record that there are no objections and CCCYS should comply with the subpoena. If A.S. has objections or concerns, the parties shall notify the undersigned so appropriate proceedings may be conducted to address those concerns.

---

the phrase "but not limited to" theoretically creates an infinite and largely undefined scope to this subpoena. Accordingly, given the otherwise detailed description of what the subpoena seeks, we would limit the subpoena to those 11 specified categories of information set forth in the subpoena itself.

An appropriate order follows:

III. **Order**

For the reasons set forth in the accompanying Memorandum, IT IS ORDERED that CCCYS's motion to quash or modify the subpoena served upon it (Doc. 50), is GRANTED, in part, in that on or before **March 20, 2020**, prior to compliance with the subpoena, plaintiffs' counsel and counsel for CCCYS shall jointly arrange for A.S. to receive notice of the subpoena and for A.S. to be afforded an opportunity to be heard in the event of any objections on A.S.'s part to the disclosure of this information. The parties should then file an appropriate pleading confirming that A.S. has received notice of the subpoena. If A.S. has no objections to the release of information pursuant to the subpoena, the parties should certify on the record that there are no objections and CCCYS should comply with the subpoena. If A.S. has objections or concerns, the parties shall notify the undersigned so appropriate proceedings may be conducted to address those concerns prior to any subpoena compliance.

So ordered this 20th day of February 2020.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge