IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.R., by and through his next friend, Allison Ware; Theodore Smith, by and through his next friend, Ashley Maddison; S.H., by and through her next friend, Julia Shmilovich; M.B., by and through his next friend, Ashley Maddison; N.C., by and through his next friend, Sue Walther; CHRYSTAL STEWARD, by and through her next friend, Debrorah Fegan, on behalf of themselves and all others similarly situated, : : : : : : : : : : : : | : No. 1:17-cv-02332-JKM |
| Plaintiffs, : | : (Judge Julia K. Munley) |
| v. : | : Class Action |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES and VALERIE ARKOOSH, in her official capacity as Secretary of the Department of Human Services, : : : : : | |
| Defendants. : | |

## ORDER

Upon consideration of Plaintiffs' Unopposed Motion for Final Approval of the Proposed Class Action Settlement Agreement and following the fairness hearing held on Oct 1, 2025, it is hereby ORDERED on this 1st day of October, 2025 as follows:

1. Plaintiffs' Motion is GRANTED.

2. The content of the class action notice and the distribution scheme satisfied the requirements of due process and the Federal Rules of Civil Procedure. The notice was distributed by mail to 183 organizations currently serving as Court Appointed Special Advocates and individuals previously identified by DHS as having represented children and youth in dependency proceedings; distributed by listserv to 242 members of the Pennsylvania Bar Association's Children's Rights Committee; and distributed by mail to 88 Pennsylvania state court judges, including President Judges of all county Common Pleas Courts, with a request to distribute the notice to judges who hear dependency cases and individuals appointed to represent children and youth in dependency proceedings. Class counsel, Disability Rights Pennsylvania, also posted the notice and a copy of the full Settlement Agreement, on its website and distributed it to more than 1,700 individuals and organizations on its listserv. The notice was mailed, emailed, and posted on or before August 4, 2025. Notice recipients at least 48 days to submit any comments on or objections to the proposed settlement before the deadline for objections.

3. The Settlement Agreement (Agreement) is approved pursuant to Federal Rule of Civil Procedure 23(e). The Agreement is fair, adequate, and reasonable. In support of this conclusion, the Court makes the following findings:

   a. The Agreement is entitled to a presumption of fairness. It resulted from arms-length, non-collusive, and hard-fought negotiations that spanned several years. The parties' negotiations were informed by extensive discovery. The Agreement is endorsed by Plaintiffs' counsel, who have expertise in disability rights. Finally, there have been no objections.

   b. The factors relevant to an assessment of the fairness of the Agreement weigh heavily in favor of approval:

      (1) The complexity and likely duration of the litigation favors approval of the Agreement. This case has been ongoing since December 2017 and involves two highly complex systems – mental health and child welfare – that serve class members, Pennsylvania children and youth who have been adjudicated dependent and are diagnosed with mental health disabilities. Although the parties have undertaken extensive fact discovery, they would need to spend substantially more time and money if the case proceeded to trial, including completing fact discovery (including depositions of officials and staff at the Department of Human Services (DHS) and third parties); briefing summary

3

judgment and pretrial motions; engaging in a lengthy trial on liability and, if successful, a subsequent remedy hearing.

    (2) The lack of objections to the proposed Agreement by notice recipients also weighs in favor of approval.

    (3) The stage of proceedings favors approval of the Agreement. Plaintiffs undertook significant discovery from DHS and third parties as well as informal discovery. They also worked with their experts to assess the information received. Additionally, their many settlement meetings with DHS also provided information. In sum, Plaintiffs had ample information to assess the relative strengths and weaknesses of the case and to make an informed judgment about the settlement.

    (4) The risk of establishing liability favors approval of the Agreement. The risks inherent in a case of this complexity cannot be denied. This case involves Medicaid services administered by five different managed care organizations and child welfare services in 67 counties.

    (5) The risk of securing injunctive relief likewise favors approval of the Agreement. The Agreement provides many changes in an effort to better ensure class members receive child welfare and mental health services with reasonable promptness and reduce the likelihood that they will be subject to

institutionalization. It is far from certain that the Court would have ordered all of the changes embodied in the Agreement.

(6) The possibility – which always exists – that the Class would be decertified, weighs in favor of approval.

(7) Defendants' ability to withstand a greater judgment also militates in favor of approval of the Agreement. This Agreement will require DHS to expend significant resources both in time and money. Since DHS is a government entity subject to budgetary constraints, it might not be able to withstand a greater judgment than the terms imposed by the Agreement.

(8) The Agreement is reasonable in light of the best possible recovery as well as the attendant risks of continued litigation. The Agreement confers significant benefits on class members by requiring specific, ongoing actions in an effort to better ensure that mental health and child welfare services are provided to dependent youth with reasonable promptness and that they are not subject to institutionalization. It is unlikely that further litigation – which would have taken years – would yield more extensive benefits. The Agreement eliminates the risk that any relief afforded would not be as comprehensive as that provided in the Agreement and that class members will not have to wait years for any potential relief.

4.  The Settlement Agreement is hereby approved and adopted. The Court shall retain continuing jurisdiction over this case in accordance with the terms of the Settlement Agreement for purposes of interpretation and enforcement.

_____
The Honorable Julia K. Munley
United States District Judge